**LAUREL EMPLOYMENT LAW, APC**
Joshua I. White (Cal. SBN 278166)
josh@laurelemploymentlaw.com
William M. Hogg (Cal. SBN 338196)
william@laurelemploymentlaw.com
808 Wilshire Boulevard, Suite 200
Santa Monica, California 90401
Tel: (323) 551-9221; Fax: (310) 654-4093

**ANDERSON ALEXANDER, PLLC**
Austin W. Anderson* (Texas Bar No. 24045189)
Email: austin@a2xlaw.com
William C. ("Clif") Alexander* (Texas Bar No. 24064805)
Email: clif@a2xlaw.com
Carter T. Hastings* (Texas Bar No. 24101879)
Email: carter@a2xlaw.com
101 N. Shoreline Blvd, Suite 610
Corpus Christi, Texas 78401
Tel: (361) 452-1279; Fax: (361) 452-1284

* - *Pro Hac Vice* anticipated

*Attorneys for Plaintiffs, Class, and Collective Members*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| **ANDREW FENN and JONNYMAR SALVADOR, Individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**PANDA RESTAURANT GROUP, INC.,** | **Case No. ___________________**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>**1. Failure to Pay Overtime Under the Fair Labor Standards Act;**<br>**2. Failure to Pay Overtime Under ORS § 653.216;**<br>**3. Unlawful Deductions Under ORS § 652.610;** |

**Defendant.**

4. **Failure to Provide Meal Periods Under OAR 839-020-0050;**
5. **Failure to Pay All Wages Owed (Cal. Lab. Code § 204);**
6. **Failure to Pay Overtime and Double Time (Cal. Lab. Code § 510, 1194);**
7. **Failure to Authorize, Permit, and/or Make Available Rest Periods (Cal. Lab. Code §§ 226.7, 512);**
8. **Failure to Provide Accurate Wage Statements (Cal. Lab. Code § 226);**
9. **Waiting Time Penalties (Cal. Lab. Code §§ 201-203);**
10. **Unreimbursed Business Expenses (Cal. Lab. Code § 2802);**
11. **Violation of California's UCL (Cal. Bus. & Prof. Code §§ 17200, *et seq*.)**

**DEMAND FOR JURY TRIAL**

Plaintiffs—Andrew Fenn and Jonnymar Salvador—bring this action individually and on behalf of all current and former hourly employees (collectively, "Plaintiffs and the Putative Collective/Class Members" or "Plaintiffs"), who worked for Defendant—Panda Restaurant Group, Inc. ("Panda Express" or "Defendant")—anywhere in the United States, at any time during the relevant statutes of limitations through the final disposition of this matter, and were subject to an automatic meal period deduction, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–

19, and—for those who worked in California—unpaid compensation, liquidated damages, unreimbursed expenses, and attorneys' fees and costs pursuant to the California Labor Code, §§ 201-204, 226, 226.7, 510, 512 and the California Business & Professions Code, §§ 17200-17210 (collectively, the "California Acts"), and—for those work worked in Oregon—unpaid compensation, liquidated damages, statutory fees, and attorneys' fees and costs pursuant to ORS 652.010–990; ORS 653.010–990; and OAR 839-020-0000–1020 (collectively, "Oregon Wage Statutes").

## I. OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA and as class actions pursuant to the state laws of California and Oregon under FED. R. CIV. P. 23 to recover unpaid wages and other applicable penalties.

2. Plaintiffs and the Putative Collective/Class Members are those similarly situated persons who worked for Panda Express at any time during the relevant time periods through the final disposition of this matter and have not been paid for all hours worked nor the correct amount of wages, including overtime, in violation of state and federal law.

3. Although Plaintiffs and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiffs and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Likewise, Plaintiffs and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5. During the relevant time period(s), Panda Express knowingly and deliberately failed to compensate Plaintiffs and the Putative Collective/Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

6. Specifically, Panda Express's regular practice—including during weeks when Plaintiffs and the Putative Collective/Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to deduct a 30-minute meal-period from Plaintiffs and the Putative Collective/Class Members' wages for a meal break they did not receive.

7. Additionally, Panda Express's regular practice—including during weeks when Plaintiffs and the Putative Collective/Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to not count and pay for all travel time spent driving between stores.

8. Panda Express also requires Plaintiffs and the Putative Collective/Class Members to perform necessary and indispensable work—attending a mandatory meetings, cleaning up the store, answering phone calls regarding their assigned stores, and training (collectively the "Off-Duty Work")—off-the-clock both prior to and after their respective shifts each day.

9. Finally, Panda Express paid non-discretionary bonuses to Plaintiffs and the Putative Collective/Class Members, but failed to include these non-discretionary

bonuses in Plaintiffs and the Putative Collective/Class Members' regular rate of pay for purposes of calculating their correct rate of overtime compensation.

10. The effects of Panda Express's practices were (and are) that all compensable time worked by Plaintiffs and the Putative Collective/Class Members was not (and is not) counted and paid; thus, Panda Express has failed to properly compensate Plaintiffs and the Putative Collective/Class Members for all hours worked and has failed to properly compensate them the proper amount of overtime under the FLSA and applicable state law.

11. Panda Express knowingly and deliberately failed to compensate Plaintiffs and the Putative Collective/Class Members for all hours worked and the proper amount of overtime on a routine and regular basis during the relevant time period(s).

12. Plaintiffs and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or applicable state law.

13. Plaintiffs and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time and other damages owed under the state laws of California and Oregon as class actions pursuant to FED. R. CIV. P. 23.

14. Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

15. Plaintiff also prays that the Rule 23 class be certified as defined herein, with the Plaintiffs designated herein named as the Class Representative.

## II. THE PARTIES

16. Plaintiff—Andrew Fenn ("Fenn")—was employed by Panda Express in Oregon during the relevant time period(s). Plaintiff Fenn did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek due to Defendant's policies complained of in this Complaint.[1]

17. Plaintiff—Jonnymar Salvador ("Salvador")—was employed by Panda Express in California during the relevant time period(s). Plaintiff Salvador did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek due to Defendant's policies complained of in this Complaint.[2]

18. The FLSA Collective Members are those current and former hourly Store Managers who were employed by Panda Express at any time from November 20, 2022, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

19. The Oregon Overtime Class Members are those current and former hourly Store Managers who were employed by Panda Express, in the State of Oregon, at any time from November 20, 2023, through the final disposition of this

---

[1] The written consent of Andrew Fenn is attached hereto as Exhibit "A."
[2] The written consent of Jonnymar Salvador is attached hereto as Exhibit "B."

matter, and have been subjected to the same illegal pay system under which Plaintiff Fenn worked and was paid.

20. The Oregon Deduction Class Members are those current and former hourly Store Managers who were employed by Panda Express, in the State of Oregon, at any time from November 20, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Fenn worked and was paid.

21. The Oregon Separation Class Members are those current and former hourly Store Managers who were employed by Panda Express, in the State of Oregon, at any time from November 20, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Fenn worked and was paid.

22. The Oregon Meal Break Class Members are those current and former hourly Store Managers who were employed by Panda Express, in the State of Oregon, at any time from November 20, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Fenn worked and was paid.

23. The California Class Members are those current and former current and former hourly Store Managers who were employed by Panda Express in California at any time from November 20, 2021, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Salvador worked and was paid.

24. Defendant Panda Restaurant Group, Inc. is a domestic for-profit corporation that is licensed to do business in California and that may be served through its registered agent for service of process in California: **Monte H. Baier, 1683 Walnut Grove Avenue, Rosemead, California.**

## III. JURISDICTION & VENUE

25. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under the FLSA, 29 U.S.C. §§ 201, *et seq*.

26. This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiffs' FLSA claims that they form part of the same case or controversy.

27. Plaintiffs have not entered into arbitration agreements, severance agreements, or other agreements that would affect the Court's subject-matter jurisdiction or venue. Nor have Plaintiffs entered into any arbitration agreements, severance agreements, or other agreements that would affect Plaintiffs' ability to bring their FLSA claims as a collective action and their state-law claims as class actions. Any agreement to not participate in a collective action or class action, which are much more effective means of vindicating the rights of affected employees, would undermine the vindication of unwaivable statutory rights and be invalid under applicable federal and state law.

28. This Court has general personal jurisdiction over Panda Express because Panda Express is a California corporation with its principal place of business located in Rosemead, California, which is within this District and Division.

29. Venue is proper pursuant to 28 U.S.C. § 1391 in this District because Panda Express resides in this District and this is a judicial district where a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred.

30. Additionally, Panda Express is a California corporation with its headquarters and principal place of business located in Rosemead, California, which is located within this District and Division. Accordingly, venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## IV. BACKGROUND FACTS

31. Defendant Panda Express is one of the largest fast casual food chain stores in the United States, operating thousands of store fronts throughout the United States.[3]

32. To provide its services, Panda Express employed (and continues to employ) numerous hourly Store Managers—including Plaintiffs and the individuals that make up the putative collective and classes.

33. Plaintiffs and the Putative Collective/Class Members were employed by Panda Express as non-exempt hourly Store Managers who were not paid for all hours worked, including hours worked in excess of forty (40) hours each workweek.

34. While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work.

35. Plaintiffs and the Putative Collective/Class Members were responsible for assisting customers, managing employees, taking inventory, and performing whatever duties their district managers directed them to perform.

[3] https://www.pandaexpress.com/ (last visited on November 18, 2025).

36. Importantly, none of the FLSA exemptions relieving a covered employer (such as Panda Express) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

37. Plaintiff Fenn was employed by Panda Express as an hourly Store Manager in Oregon from approximately August 2023 until September 2024.

38. Plaintiff Salvador was employed by Panda Express as an hourly Store Manager in California from approximately October 2019 until May 2024.

39. Plaintiff Fenn and Plaintiff Salvador's job duties were to assist customers, manage employees, take inventory, and perform whatever duties their district managers directed them to perform.

40. Plaintiffs and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of Panda Express resulting in the complained of FLSA and state law violations.

41. Plaintiffs and the Putative Collective/Class Members are similarly situated with respect to their job duties, in that they all managed Panda Express store locations.

42. Plaintiffs and the Putative Collective/Class Members are similarly situated with respect to their pay structure in that they are all paid on an hourly basis and were not paid for all hours worked, and were not paid overtime at a rate of time and one half their regular rate.

43. Plaintiffs and the Putative Collective/Class Members were typically scheduled to work more than forty (40) hours each week.

44. Plaintiffs and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of Panda Express resulting in the complained of FLSA and state law violations.

**Automatic Meal Break Deductions**

45. Plaintiffs and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of Panda Express resulting in the complained of FLSA violations.

46. Panda Express has a policy wherein it automatically deducts one 30-minute meal period from Plaintiffs and the Putative Collective/Class Members' daily time.

47. Although Panda Express automatically deducted one 30-minute meal period from Plaintiffs and the Putative Collective/Class Members' daily time, it did not provide them with any shift relief so that they could take their break each shift.

48. Panda Express also did not provide Plaintiffs and the Putative Collective/Class Members with a way in which they could reverse the automatic meal break deduction on days in which they were unable to take an undisturbed 30-minutes meal break.

49. Panda Express's systematic deduction of the meal periods from Plaintiffs and the Putative Collective/Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiffs and the Putative Collective/Class Members

working overtime hours for which they were (and are) not compensated at the rates required by the FLSA and applicable state laws.

50. For example, when Plaintiffs and the Putative Collective/Class Members worked five (5) shifts of eight (8) and fourteen (14) hours in a week and were unable to take their break during two shifts, Panda Express's meal break deductions resulted in Plaintiffs and the Putative Collective/Class Members not being paid for one (1) hour of compensable overtime work.

51. Plaintiffs each worked at least one workweek within their respective statutory time period(s) in which they worked more than forty (40) hours on-the-clock and worked through one or more meal breaks for which they were not compensated at their agreed overtime rate.

52. In a week in which Plaintiffs and the Putative Collective/Class Members worked fewer than three (3) shifts of fourteen (14) hours in a week and were unable to take their break during one shift, Panda Express's meal break deduction resulted in Plaintiffs and the Putative Collective/Class Members not being paid for thirty minutes of unpaid straight time.

53. Plaintiffs each worked at least one workweek within their respective statutory time period(s) in which they worked less than forty (40) hours on-the-clock and worked through one or more meal breaks for which they were not compensated at their agreed regular hourly rate.

54. Panda Express knew Plaintiffs and the Putative Collective/Class Members were working throughout their unpaid meal break, as the Plaintiffs and Putative Collective/Class Members reported such to their District Managers.

55. Panda Express was (and continues to be) aware that Plaintiffs and the Putative Collective/Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and relevant state law.

**Unpaid Travel Time**

56. Each week, Plaintiffs and the Putative Collective/Class Members were typically required by their District Manager to visit multiple stores in the same day.

57. Although Plaintiffs and the Putative Collective/Class Members traveled from one work location to another, Panda Express failed to pay them for their compensable travel time and instead only paid them for the time spent on site.

58. Plaintiffs each worked at least one workweek within their respective statutory time period(s) in which they worked more than forty (40) hours and were forced to travel between Panda Express locations while off-the-clock, for which they were not compensated at their agreed overtime rate.

59. Additionally, Plaintiffs each worked at least one workweek within their respective statutory time period(s) in which they worked less than forty (40) hours on-the-clock and were forced to travel between Panda Express locations while off-the-clock, for which they were not compensated at their agreed regular hourly rate.

60. Panda Express was aware of the unpaid travel time as Plaintiffs and the Putative Collective/Class Members' District Managers were the ones ordering them to travel in between stores during the day and to not remain clocked in during the travel time.

61. Moreover, Panda Express failed to reimburse Plaintiffs and the Putative Collective/Class Members for their reasonable travel expenses incurred in the course of performing their job duties.

62. As a result of Panda Express's requirements for Plaintiffs and the Putative Collective/Class Members to travel between work locations off-the-clock, Panda Express failed to pay Plaintiffs and the Putative Collective/Class Members for their compensable travel hours worked throughout their workweek, including weeks in which they worked forty (40) or more hours.

**Unpaid Pre-Shift/Post-Shift Work**

63. Plaintiff and the Putative Collective/Class Members were not (and continue to not be) compensated for all the hours they worked for Panda Express as a result of Panda Express's corporate policy and practice of requiring Plaintiffs and the Putative Collective/Class Members to not report hours worked outside their scheduled shift.

64. Plaintiffs and the Putative Collective/Class Members were required to perform a varies of Off-Duty Work that had to be performed off-the-clock during their off-duty hours such as days off, before their scheduled shift, or after their scheduled shift such as: attend telephonic meetings, picking up and delivering inventory, attending training sessions both in person and telephonically, and coming in early or staying late after their scheduled shift hours to help clean and operate the stores.

65. The Off-Duty Work was required by the District Managers, who typically called Plaintiffs and the Putative Collective/Class Members to inform them

of the mandatory meetings, training sessions, inventory deliveries, or other work they needed the Store Managers to perform.

66. Although the work performed during their off-duty hours was (and continues to be) part of their primary work duties, Plaintiffs and the Putative Collective/Class Members were prohibited from recording those hours worked for payroll purposes.

67. Specifically, Plaintiff Fenn attempted to record his off-duty hours of work and submitted those hours through Panda Express's payroll system. After submitting the additional hours of work, Plaintiff Fenn received a call from his District Manager Yang Thao, who informed Plaintiff Fenn that he should not report hours worked outside his scheduled shift because the Panda Express Human Resources Department does not want those hours reported or logged in the system.

68. After receiving this call Plaintiff Fenn spoke with several other hourly Store Managers, who informed him that it was the company's policy to require the off-duty work to be performed off-the-clock without pay and that all hourly Store Managers perform the same off-duty work and that they know they are not permitted to record or report those hours worked for payroll purposes.

69. Although this Pre-Shift Work is integral and indispensable to their job duties, Plaintiff and the Putative Collective/Class Members have not been compensated for this time because Panda Express does not consider it to be compensable and does not permit Plaintiff and the Putative Collective/Class Members to record the hours spent performing this work.

70. Plaintiffs each worked at least one workweek within their respective statutory time period(s) in which they worked more than forty (40) hours on-the-clock and were forced to perform compensable work after the end of their scheduled shift for which they were not compensated at their agreed overtime rate.

71. Additionally, Plaintiffs each worked at least one workweek within their respective statutory time period(s) in which they worked less than forty (40) hours on-the-clock and were forced perform compensable work after the end of their scheduled shift for which they were not compensated at their agreed hourly rate.

72. In weeks in which Plaintiffs and the Putative Collective/Class Members worked forty (40) or more hours, the unpaid Off-Duty Work qualified as unpaid overtime.

73. In weeks in which Plaintiffs and the Putative Collective/Class Members worked under forty (40) hours, the unpaid Off-Duty Work qualified as unpaid straight time.

74. Panda Express required (and continues to require) Plaintiffs and the Putative Collective/Class Members to perform the Off-Duty Work off-the-clock and without pay.

**Failure to Include Non-Discretionary Bonuses in the Regular Rate**

75. Plaintiff and the Putative Collective/Class Members received non-discretionary bonuses based on their store's performance, but Panda Express failed to include these non-discretionary bonuses in the Plaintiffs and Putative Collective/Class Members' regular rates of pay.

76. These non-discretionary bonuses were based upon pre-determined criteria established by Panda Express – specifically, how well the store was performing in its market.

77. When Plaintiffs and the Putative Collective/Class Members met these pre-determined criteria, they were entitled to receive these non-discretionary bonuses.

78. Pursuant to 29 C.F.R. § 778.209, these non-discretionary bonuses (and any other non-discretionary compensation) should have been included in Plaintiffs and the Putative Collective/Class Members' regular rates of pay before any and all overtime multipliers were applied.

79. Although Plaintiffs and the Putative Collective/Class Members worked overtime hours throughout their employment with Panda Express, and specifically worked over forty (40) hours during weeks in which Plaintiffs and the Putative Collective/Class Members received non-discretionary bonuses, Panda Express failed to include their non-discretionary bonuses in their regular rate of pay when determining the proper rate of overtime to pay.

80. As a result of Panda Express's failure to include all non-discretionary income in the regular rate of pay and to compensate Plaintiffs and the Putative Collective/Class Members for compensable work performed "off the clock," such as during their unpaid meal breaks, their travel time, and their Off-Duty Work, Plaintiffs and the Putative Collective/Class Members worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and applicable state law.

81. Panda Express knew or should have known that it was not (and is not) compensating Plaintiffs and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA and applicable state law.

82. Panda Express knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiffs and the Putative Collective/Class Members.

83. Because Panda Express did not pay Plaintiffs and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Panda Express's pay policies and practices willfully violated (and continue to violate) the FLSA and applicable state laws.

84. Because Panda Express did not pay Plaintiffs and the Putative Collective/Class Members for all straight time worked, Panda Express pay policies and practices violated (and continue to violate) applicable state laws.

85. Plaintiffs and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time, overtime, liquidated damages, penalties, unreimbursed expenses, and other damages pursuant to applicable state law.

## V. CAUSES OF ACTION

**<u>FIRST CAUSE OF ACTION</u>**
**(Collective Action Alleging FLSA Violations)**

### A. FLSA COVERAGE

86. The preceding paragraphs are incorporated as though fully set forth herein.

87. The FLSA Collective and FLSA Collective Members are defined as follows:

> **ALL HOURLY STORE MANAGERS WHO WERE EMPLOYED BY PANDA RESTAURANT GROUP, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM NOVEMBER 20, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER.**

88. At all material times, Panda Express has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

89. At all material times, Panda Express has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

90. At all material times, Panda Express has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has

had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

91. Specifically, Panda Express employs numerous hourly employees to provide services in the food industry across the United States, purchases materials through commerce, transports materials, such as vehicles, through commerce and on the interstate highways, and conducts transacts through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

92. During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Panda Express, these individuals provided services for Panda Express that involved interstate commerce for purposes of the FLSA.

93. In performing work for Panda Express, Plaintiffs and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

94. Specifically, Plaintiffs and the FLSA Collective Members are (or were) hourly employees who assisted Panda Express's customers throughout the United States. 29 U.S.C. § 203(j).

95. At all material times, Plaintiffs and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

96. The proposed classes of similarly situated employees—that is, the FLSA collective sought to be certified pursuant to 29 U.S.C. § 216(b), are defined in Paragraph 87.

97. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Panda Express.

## B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

98. Panda Express violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce, the production of food, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

99. Moreover, Panda Express knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

100. Panda Express knew or should have known its pay practices were in violation of the FLSA.

101. Panda Express is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

102. Plaintiffs and the FLSA Collective Members, on the other hand, are less sophisticated employees who trusted Panda Express to pay them according to the law.

103. The decision and practice by Panda Express to not pay Plaintiffs and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was neither reasonable nor in good faith.

104. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C. COLLECTIVE ACTION ALLEGATIONS**

105. All previous paragraphs are incorporated as though fully set forth herein.

106. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring this action collectively on behalf of Panda Express's employees who are (or were) similarly situated to Plaintiffs with regard to the work they performed and the manner in which they were paid.

107. Other similarly situated employees of Panda Express have been victimized by Panda Express's patterns, practices, and policies, which are in willful violation of the FLSA.

108. The FLSA Collective is defined in Paragraph 87.

109. Panda Express's failure to pay Plaintiffs and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Panda Express, and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

110. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

111. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

112. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

113. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

114. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and Panda Express will retain the proceeds of their violations.

115. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

116. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 87.

## OREGON WAGE STATUTES VIOLATIONS
## (Class Action Alleging Violations of the Oregon Wage Statutes)

## SECOND CAUSE OF ACTION
## (Unpaid Overtime Under the Oregon Statutes)

117. The Oregon Overtime Class is defined as:

**ALL HOURLY STORE MANAGERS WHO WERE EMPLOYED BY PANDA RESTAURANT GROUP, INC., IN THE STATE OF OREGON, AT ANY TIME FROM NOVEMBER 20, 2023, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Oregon Overtime Class Members").**

118. At all material times, Panda Express has been an "employer" according to Oregon law. *See* ORS 653.010.

119. At all material times, Plaintiff Fenn and the Oregon Overtime Class Members were Panda Express's "employees" according to Oregon law. ORS 653.010.

120. Fenn brings his claims for unpaid wages as a class action on behalf of himself and the Oregon Overtime Class Members pursuant to Federal Rule of Civil Procedure 23(b)(3).

121. Specifically, Oregon law requires employers to compensate non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed. ORS § 653.216.

122. Plaintiff Fenn and the Oregon Overtime Class members are entitled to recover unpaid overtime under Oregon law for unpaid meal breaks during which they are interrupted, on-duty, or otherwise subject to interruption, as well as for time

worked before clocking in and after clocking out that went uncompensated, and unpaid travel time.

123. Panda Express's unlawful conduct harmed Plaintiff Fenn and the Oregon Overtime Class Members by depriving them of the overtime wages they are owed under Oregon law.

124. Accordingly, Panda Express owes Plaintiff Fenn and the Oregon Overtime Class Members the unpaid balance of the full amount of overtime wages owed, attorney fees, costs and disbursements, as well as pre- and post-judgment interest at the rate of 9% per annum. See ORS § 652.200; ORS § 82.010.

**B. OREGON OVERTIME CLASS ALLEGATIONS**

125. Plaintiff Fenn and the Oregon Overtime Class Members bring their Oregon statutory claims as a class action pursuant to FED R. CIV. P. 23 on behalf of all similarly situated individuals employed by Panda Express to work in Oregon since November 20, 2023.

126. Class action treatment of Plaintiff Fenn and the Oregon Overtime Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

127. The number of Oregon Overtime Class Members is so numerous that joinder of all class members is impracticable.

128. Plaintiff Fenn's Oregon state-law claims share common questions of law and fact with the claims of the Oregon Class Members.

129. Plaintiff Fenn is a member of the Oregon Overtime Class, his claims are typical of the claims of other Oregon Overtime Class Members, and he has no

interests that are antagonistic to or in conflict with the interests of other Oregon Overtime Class Members.

130. Plaintiff Fenn and his counsel will fairly and adequately represent the Oregon Overtime Class Members and their interests.

131. Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

132. Accordingly, the Oregon Overtime Class should be certified as defined in Paragraph 117.

## THIRD CAUSE OF ACTION
## (Unlawful Deductions Under the Oregon Statutes)

133. The Oregon Deduction Class is defined as:

> **ALL HOURLY STORE MANAGERS WHO WERE EMPLOYED BY PANDA RESTAURANT GROUP, INC., IN THE STATE OF OREGON, AT ANY TIME FROM NOVEMBER 20, 2019, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Oregon Deduction Class Members").**

134. At all material times, Panda Express has been an "employer" according to Oregon law. *See* ORS 653.010.

135. At all material times, Plaintiff Fenn and the Oregon Deduction Class Members were Panda Express's "employees" according to Oregon law. ORS 653.010.

136. Fenn brings his claims for unpaid wages as a class action on behalf of himself and the Oregon Deduction Class Members pursuant to Federal Rule of Civil Procedure 23(b)(3).

137. Specifically, Panda Express deducts wages from Plaintiff Fenn and Oregon Deduction Class Members for unidentified deductions, namely for deducting wages in the form of failing to compensate Plaintiff Fenn and the Oregon Deduction Class Members for "off-the-clock" work performed during unpaid meal periods, before clocking in, after clocking out, and during unpaid travel time. Said withholdings were unauthorized and in violation of ORS § 652.610.

138. As a result of Panda Express's wrongful withholdings, Plaintiff Fenn and the Oregon Deduction Class Members are entitled to actual damages or $200.00 per violation, whichever is greater, for each violation pursuant to ORS § 652.615.

139. Panda Express is liable for unpaid wages and liabilities for unlawful deductions from wages for a period of six years from the date the wages were earned. ORS 12.080(1).

140. Because of Panda Express's failure to pay Plaintiff Fenn and the Oregon Deduction Class Members' wages within forty-eight (48) hours after they were due, Plaintiff Fenn and the Oregon Deduction Class Members are entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS § 652.200.

141. Further, because of Panda Express's wrongful withholding from Plaintiff Fenn and the Oregon Deduction Class Members' wages, Plaintiff Fenn and the Oregon Deduction Class Members are entitled to recover costs, disbursements

and a reasonable sum for attorney fees, pursuant to ORS § 652.615, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS § 82.010.

**B. OREGON DEDUCTION CLASS ALLEGATIONS**

142. Plaintiff Fenn and the Oregon Deduction Class Members bring their Oregon statutory claims as a class action pursuant to FED R. CIV. P. 23 on behalf of all similarly situated individuals employed by Panda Express to work in Oregon since November 20, 2019.

143. Class action treatment of Plaintiff Fenn and the Oregon Deduction Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

144. The number of Oregon Deduction Class Members is so numerous that joinder of all class members is impracticable.

145. Plaintiff Fenn's Oregon state-law claims share common questions of law and fact with the claims of the Oregon Deduction Class Members.

146. Plaintiff Fenn is a member of the Oregon Class, his claims are typical of the claims of other Oregon Deduction Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other Oregon Deduction Class Members.

147. Plaintiff Fenn and his counsel will fairly and adequately represent the Oregon Deduction Class Members and their interests.

148. Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class

members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

149. Accordingly, the Oregon Deduction Class should be certified as defined in Paragraph 133.

**FOURTH CAUSE OF ACTION**
**(Meal Break Violation Under the Oregon Statutes)**

150. The Oregon Meal Break Class is defined as:

**ALL HOURLY STORE MANAGERS WHO WERE EMPLOYED BY PANDA RESTAURANT GROUP, INC., IN THE STATE OF OREGON, AT ANY TIME FROM NOVEMBER 20, 2019, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Oregon Meal Break Class Members").**

151. At all material times, Panda Express has been an "employer" according to Oregon law. *See* ORS 652.310(1).

152. At all material times, Plaintiff Fenn and the Oregon Meal Break Class Members were Panda Express's "employees" according to Oregon law. ORS 652.310(2)

153. Fenn brings his claims for unpaid wages as a class action on behalf of himself and the Oregon Meal Break Class Members pursuant to Federal Rule of Civil Procedure 23(b)(3).

154. Specifically, pursuant to OAR 839-020-0050, employees who have worked at least six hours in a day are entitled to a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties. *See* OAR 839-020-0050(2)(a). Except as otherwise provided in the rule, if an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer

must pay the employee for the entire 30-minute meal period. *See* OAR 839-020-0050(2)(b).

155. Panda Express implemented a policy that automatically deducts 30-minutes from Plaintiff Fenn and the Oregon Meal Break Class Members' time for each shift worked, even though Plaintiff Fenn and the Oregon Meal Break Class Members remain on-duty, subject to interruption, and are often interrupted during their meal breaks.

156. Because Plaintiff Fenn and the Oregon Meal Break Class Members' meal breaks are subject to interruption, are on duty, are not continuous, and are not relieved of all duties during the break, Panda Express's unpaid meal period policy, whether by automatic time deduction or by requiring Oregon Meal Break Class Members to manually clock out for meal periods, was and is in violation of OAR 839-020-0050, and Plaintiff Fenn and the Oregon Meal Break Class Members should be reimbursed for back wages for the entire 30 minutes from each shift.

157. Plaintiff Fenn and the Oregon Meal Break Class Members are entitled to recover unpaid wages at their regular hourly rate for the 30 minutes for each work period where that unpaid meal break took place.

158. Pursuant to ORS § 12.080, a six-year statute of limitations is applied for liability of unpaid regular wages.

159. Panda Express's violation of the Oregon meal break rules was willful, as that term is used in ORS § 652.150. Panda Express's violation was willful because Plaintiff Fenn and the Oregon Meal Break Class Members' managers knew they had

not received a full thirty-minute uninterrupted meal break but continued to apply the meal break deduction.

160. Plaintiff Fenn and the Oregon Meal Break Class Members are entitled to recover costs, disbursements and a reasonable sum for attorney fees, pursuant to ORS § 652.615 and/or § 652.200, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS § 82.010.

**B. OREGON MEAL BREAK CLASS ALLEGATIONS**

161. Plaintiff Fenn and the Oregon Meal Break Class Members bring their Oregon statutory claims as a class action pursuant to FED R. CIV. P. 23 on behalf of all similarly situated individuals employed by Panda Express to work in Oregon since November 20, 2019.

162. Class action treatment of Plaintiff Fenn and the Oregon Meal Break Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

163. The number of Oregon Meal Break Class Members is so numerous that joinder of all class members is impracticable.

164. Plaintiff Fenn's Oregon state-law claims share common questions of law and fact with the claims of the Oregon Meal Break Class Members.

165. Plaintiff Fenn is a member of the Oregon Meal Break Class, his claims are typical of the claims of other Oregon Meal Break Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other Oregon Meal Break Class Members.

166. Plaintiff Fenn and his counsel will fairly and adequately represent the Oregon Meal Break Class Members and their interests.

167. Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

168. Accordingly, the Oregon Meal Break Class should be certified as defined in Paragraph 150.

## CALIFORNIA ACTS VIOLATIONS
**(Class Action Alleging Violations of the California Acts)**

### A. CALIFORNIA ACTS COVERAGE

169. All previous paragraphs are incorporated as though fully set forth herein.

170. The "California Class" is defined as:

> **ALL HOURLY STORE MANAGERS WHO WERE EMPLOYED BY PANDA RESTAURANT GROUP, INC., IN THE STATE OF CALIFORNIA, AT ANY TIME FROM NOVEMBER 20, 2021, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("California Class Members").**

171. At all relevant times, Panda Express was subject to the California Labor Code and applicable IWC Wage Orders because Panda Express was (and is) an "employer" within the meaning of the Labor Code and applicable IWC Wage Orders.

172. At all relevant times, Panda Express employed Plaintiff Salvador and the California Class Members as its covered "employees" within the meaning prescribed in the Labor Code.

## B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE CALIFORNIA ACTS

### FIFTH CAUSE OF ACTION
### (Failure to Pay for All Hours Worked, Cal. Lab. Code § 204)

173. Labor Code § 204 provides in relevant part that "all wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular payday."

174. Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

175. Labor Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixes or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

176. Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

177. IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

178. Panda Express willfully engaged in and continues to engage in a policy and practice of not compensating Plaintiff Salvador and the California Class Members for all hours worked or spent in Panda Express's control.

179. Panda Express failed to compensate Plaintiff Salvador and the California Class Members for all compensable work performed "off the clock," during their unpaid meal periods and outside their scheduled shift.

180. In other words, Plaintiff Salvador and the California Class Members performed work for Panda Express's benefit without compensation during their "off the clock" meal periods.

181. Panda Express knowingly and willfully refuses to perform its obligations to provide Plaintiff Salvador and the California Class Members with compensation for all time worked.

182. Panda Express's unlawful conduct harmed Plaintiff Salvador and the California Class Members of their wages for all hours worked, which they are owed under California law.

183. Despite having knowledge or the ready ability to gather knowledge of the precise number of hours worked using basic diligence, Panda Express regularly fails to compensate Plaintiff Salvador and the California Class Members for all hours worked.

184. As such, Panda Express committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of Plaintiff Salvador and the California Class Members' rights.

185. Accordingly, Plaintiff Salvador and the California Class Members are entitled to recover nominal, actual, liquidated, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

**SIXTH CAUSE OF ACTION**
**(Failure to Pay Overtime and Double Time, Cal. Lab. Code §§ 510, 1194)**

186. Plaintiff Salvador and the California Class Members are entitled to overtime and double-time pay under the Labor Code and applicable Wage Orders.

187. Labor Code § 510(a) provides:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

188. IWC Wage Order 17-2001(4) states that employees:

> . . . shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1½ ) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than . . . [o]ne and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek . . . .

189. Labor Code § 1194(a) provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

190. Labor Code § 1198 makes it unlawful for employers, like Panda Express, to employ employees, including Plaintiff Salvador and the California Class Members, under conditions that violate the Wage Order.

191. Despite regularly working over 8 hours a day and 40 hours in a workweek as part of their normal and regular schedules, Panda Express did not pay Plaintiff Salvador and the California Class Members overtime wages for all overtime hours worked, including those worked "off the clock."

192. Panda Express's unlawful conduct harmed Plaintiff Salvador and the California Class Members by depriving them of the overtime wages they are owed under California law.

193. Accordingly, Panda Express owes Plaintiff Salvador and the California Class Members the unpaid balance of the full amount of overtime wages owed and interest at the maximum legal rates.

194. Finally, Panda Express is also liable to Plaintiff Salvador and the California Class Members for their reasonable attorneys' fees and costs incurred in this action.

**SEVENTH CAUSE OF ACTION**
**(Failure to Authorize, Permit, and/or Make Available Rest Periods Pursuant to Cal. Lab. Code §§ 226.7, 512)**

195. At all relevant times, Plaintiff Salvador and the California Class Members were entitled to compliant, *bona fide* meal and rest periods under the California Labor Code and applicable IWC Wage Orders.

196. Sections 226.7 and 512 of the California Labor Code and applicable IWC Wage Orders require employers, like Panda Express, to authorize and permit

meal and rest periods to their employees, including Plaintiff Salvador and the California Class Members.

197. Specifically, Sections 226.7 and 512 of the California Labor Code and applicable IWC Wage Order(s) require employers, like Panda Express, to provide employees, including Plaintiff Salvador and the California Class Members, one uninterrupted 30-minute meal period when they work more than 5 hours per day and a second uninterrupted 30-minute meal period when they work more than 10 hours in day.

198. Similarly, Section 226.7 of the California Labor Code and the applicable Wage Orders, also requires employers, like Panda Express, to authorize and permit employees, including Plaintiff Salvador and the California Class Members, to take 10 minutes of rest time per 4 hours (or major fraction thereof) of work, and to pay employees their full wages during those rest periods.

199. Unless employees are relieved of all duties during their 30-minute meal period(s) and 10-minute rest period(s), the employees are considered “on duty,” and the meal/rest period must be counted as time worked under the applicable IWC Wage Orders.

200. Pursuant to Section 226.7(b) of the California Labor Code and applicable IWC Wage Orders, employers, like Panda Express, who fail to provide an employee with a required meal and/or rest period must, as compensation, pay the employee one hour of pay at the employee’s regular rate for each day that the meal and/or rest period was not authorized or permitted.

201. At all relevant times, Panda Express routinely failed to make meal periods available to Plaintiff Salvador and the California Class Members.

202. Despite long days regularly lasting in excess of eight (8) hours, Plaintiff Salvador and the California Class Members are often unable to take a meal period, prevented from timely taking a meal period, are otherwise subject to interruption during their meal periods, and are frequently interrupted during their attempted meal periods.

203. Plaintiff Salvador and the California Class Members are not paid one hour of premium pay for their missed meal breaks as required by California law

204. Similar to meal periods, at all relevant times, Panda Express regularly fails to make rest periods available to Plaintiff Salvador and the California Class Members.

205. When available, if ever, Plaintiff Salvador and the California Class Members' rest periods were often not compliant, but rather, were generally untimely and/or short.

206. Plaintiff Salvador and the other California Class Members do not receive premium pay for their missed rest periods as required by California law.

207. Panda Express's unlawful conduct harmed Plaintiff Salvador and the California Class Members by depriving them of compliant meal and rest periods, as well as premium pay.

208. Panda Express knowingly, willfully, or in reckless disregard carried out this pattern or practice of failing to provide Plaintiff Salvador and the California

Class Members compliant meal and rest periods and required premium pay for missed meal and rest periods.

209. Accordingly, Plaintiff Salvador and the California Class Members are entitled to compensation for Panda Express's failure to authorize, permit, and/or make available meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

## EIGHTH CAUSE OF ACTION
## (Failure to Provide Accurate Wage Statements, Cal. Lab. Code § 226)

210. Labor Code § 226(a) provides:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee . . . The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

211. The applicable Wage Orders establish similar wage statement requirements.

212. Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

213. As a result of its aforementioned illegal practices, Panda Express does not provide timely, accurate itemized wage statements to Plaintiff Salvador and the California Class Members, in violation of Labor Code § 226(a) and applicable Wage Orders.

214. Specifically, the wage statements Panda Express provides Plaintiff Salvador and the California Class Members do not accurately reflect their actual hours worked, their actual gross wages earned, their actual overtime wages earned, their actual double time wages earned, their premium pay earned, or their actual net wages earned.

215. Panda Express's unlawful conduct harmed Plaintiff Salvador and the California Class Members by depriving them of the accurate wages statements they are owed under California law.

216. Accordingly, Panda Express is liable to Plaintiff Salvador and the California Class Members for the amounts described above, plus interest.

217. Finally, Panda Express is also liable to Plaintiff Salvador and the California Class Members for their reasonable attorneys' fees and costs incurred in this action pursuant to Labor Code § 226(e).

**NINTH CAUSE OF ACTION**
**(Waiting Time Penalties Pursuant To Cal. Lab. Code §§ 201-203)**

218. Labor Code § 201 provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

219. Labor Code § 202 provides: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

220. Labor Code § 203, in part, provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

221. Plaintiff Salvador and some of the California Class Members have left their employment with Panda Express, at which time Panda Express owed them unpaid wages.

222. These earned, but unpaid, wages derive from the unpaid earned wages, overtime pay, double time pay, and premium pay Panda Express owes Plaintiff Salvador and the California Class Members.

223. Panda Express willfully refused and continues to refuse to pay Plaintiff Salvador and the California Class Members all wages due and owing to them under the terms of their employment contract, in the form of earned wages, overtime pay,

double time pay, and premium pay, upon the end of their employment as a result of Panda Express's illegal policies.

224. Panda Express's unlawful conduct harmed Plaintiff Salvador and the California Class Members by depriving them of the earnings and interest they are owed under California law.

225. Accordingly, Panda Express is liable to Plaintiff Salvador and California Class Members for all penalties owing pursuant to Labor Code §§ 201-203.

226. Labor Code § 203 provides that an employee's wages will continue as a penalty up to 30 days from the time the wages were due.

227. Therefore, Plaintiff Salvador and California Class Members are entitled to penalties pursuant to Labor Code § 203, plus interest.

**TENTH CAUSE OF ACTION**
**(Unreimbursed Business Expenses Pursuant To Cal. Lab. Code § 2802)**

228. Labor Code § 2802 provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer[.]"

229. Plaintiff Salvador and the California Class Members incurred expenses in the course of their employment as a consequence of their duties.

230. Specifically, Plaintiff Salvador and the California Class Members incurred mileage expenses while traveling between stores.

231. Although Plaintiff Salvador and the California Class Members incurred expenses at the direction of Panda Express, Panda Express failed to reimburse them for those incurred expenses.

232. Panda Express's unlawful conduct harmed Plaintiff Salvador and the California Class Members by depriving them of reimbursements owed under California law.

233. Accordingly, Panda Express is liable to Plaintiff Salvador and California Class Members for all penalties owing pursuant to Labor Code §§ 2802.

234. Therefore, Plaintiff Salvador and California Class Members are entitled to penalties pursuant to Labor Code § 2802, plus interest.

## ELEVENTH CAUSE OF ACTION
## (Violations of California's UCL, Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

235. California Business and Professions Code §§ 17200-210 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

236. Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

237. Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

238. Beginning at an exact date unknown to Plaintiff Salvador, but at least during the 4 years prior to the filing of this Complaint, Panda Express committed acts of unfair competition as defined by the UCL, engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

a. Violations of Labor Code § 204 pertaining to failure to pay all wages owed;

b. Violations of Labor Code § 510 and IWC Wage Order 17-2001 pertaining to overtime and double time;

c. Violations of Labor Code §§ 226.7 and 512 and Wage Order 17-2001pertaining to meal and rest periods; and

d. Violations of Labor Code § 226 regarding accurate, timely itemized wage statements.

239. Panda Express's violations of these California laws and regulations, as well as the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200, *et seq*.

240. Panda Express's acts and practices described above constitute unfair, unlawful, and fraudulent business practices and unfair competition within the meaning of Business and Professions Code §§ 17200, *et seq*.

241. Among other things, Panda Express's acts and practices have taken from Plaintiff Salvador and the California Class Members wages rightfully earned

from them, while enabling Panda Express to gain an unfair competitive advantage over law-abiding employers and competitors.

242. Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

243. The Court may also grant injunctive relief as may be necessary and appropriate to prevent Panda Express from repeating the unlawful, unfair, and fraudulent business acts and practices alleged in this Complaint.

244. Panda Express's unlawful conduct harmed Plaintiff Salvador and the California Class Members by depriving them of money and property, in the form of unpaid wages which are due and payable to them.

245. Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

246. Plaintiff Salvador and the California Class Members are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from them during the 4-year period prior to the filing of this Complaint.

247. Plaintiff Salvador's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff Salvador sues on behalf of himself as well as the other similarly situated employees.

248. Accordingly, Plaintiff Salvador and the California Class Members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

249. Plaintiff Salvador takes it upon himself to enforce these laws and lawful claims. There is a financial burden involved in pursuing this action, and the action is seeking to vindicate a public right and it would be against the interests of justice to penalize Plaintiff Salvador by forcing him to pay attorneys' fees from the recovery in this action.

250. Thus, attorneys' fees are appropriately awarded to Plaintiff Salvador pursuant to Code of Civil Procedure § 1021.5 and otherwise.

**C. CALIFORNIA CLASS ACTION ALLEGATIONS**

251. Plaintiff Salvador and the California Class Members bring their California Acts claims as a class action pursuant to FED R. CIV. P. 23 on behalf of all similarly situated individuals employed by Panda Express to work in California since November 20, 2021.

252. Class action treatment of Plaintiff Salvador and the California Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

253. The number of California Class Members is so numerous that joinder of all class members is impracticable.

254. On information and belief, Panda Express employed hundreds of hourly Store Managers subject to the same illegal policies as Plaintiff Salvador—the California Class Members—in California since November 20, 2021.

255. Plaintiff Salvador's California state-law claims share common questions of law and fact with the claims of the California Class Members.

256. Specifically, the common questions of law and fact are that Panda Express violated the California Acts by failing to pay the California Class Members for all hours worked, including overtime hours at a rate not less than time and one half their regular rate, and failed to reimburse them for all business expenses.

257. Plaintiff Salvador is a member of the California Class, his claims are typical of the claims of other California Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other California Class Members.

258. Plaintiff Salvador and his counsel will fairly and adequately represent the California Class Members and their interests.

259. Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Accordingly, the California Class should be certified as defined in Paragraph 170.

260. Specifically, Plaintiff Salvador and the California Class Members all performed similar work, were not paid for all hours worked, including overtime hours.

## VI. JURY DEMAND

261. Plaintiffs hereby demand a jury trial on all claims and issues, as they and the other Putative Class and Collective Members are entitled to a jury.

## VII. RELIEF SOUGHT

262. Plaintiffs respectfully pray for judgment against Panda Express as follows:

a. For an Order certifying the FLSA Collective as defined in ¶ 87;

b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to § 16(b) of the FLSA finding Panda Express liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order certifying the Oregon Overtime Class as defined in Paragraph 117 and designating Plaintiff Fenn as Representative of the Oregon Overtime Class Members;

e. For an Order pursuant to Oregon state law awarding Plaintiff Fenn and the Oregon Overtime Members damages for unpaid wages, penalties, and all other damages allowed by law;

f. For an Order certifying the Oregon Deduction Class as defined in Paragraph 133 and designating Plaintiff Fenn as Representative of the Oregon Deduction Class;

g. For an Order pursuant to Oregon state law awarding Plaintiff Fenn and the Oregon Deduction Class Members damages for unpaid wages, penalties, and all other damages allowed by law;

h. For an Order certifying the Oregon Meal Break Class as defined in Paragraph 150 and designating Plaintiff Fenn as Representative of the Oregon Meal Break Class;

i. For an Order pursuant to Oregon state law awarding Plaintiff Fenn and the Oregon Meal Break Class Members damages for unpaid wages, penalties, and all other damages allowed by law;

j. For an Order certifying the California Class as defined in Paragraph 170, and designating Plaintiff Salvador as Representative of the Class;

k. For an Order pursuant to the California Acts awarding Plaintiff Salvador and the California Class Members damages for unpaid wages and all other damages allowed by law;

l. For a Declaratory Judgment that Panda Express violated the UCL as a result of the aforementioned violations of the California Labor Code and applicable IWC Wage Orders;

m. For an Order awarding the costs of this action;

n. For an Order awarding attorneys' fees;

o. For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

p. For an Order awarding Plaintiff Fenn and Salvador a service award as permitted by law;

q. For an Order compelling the accounting of the books and records of Panda Express, at Panda Express's expense (should discovery prove inadequate); and

r. For an Order granting such other and further relief as may be necessary and appropriate.

Date: November 20, 2025

Respectfully submitted,

*/s/ William M. Hogg*
Joshua I. White
William M. Hogg
**LAUREL EMPLOYMENT LAW**

Austin W. Anderson*
William C. "Clif" Alexander*
Carter T. Hastings*
**ANDERSON ALEXANDER, PLLC**

* - *Pro Hac Vice* anticipated

*Counsel for Plaintiffs, Class, and Collective Members*